UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD MEMMINGER,

                Petitioner,                Case Number 11-11948
                                                    Honorable David M. Lawson

v.

GREG McQUIGGIN,

                Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Leonard Memminger, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions of assault with intent to murder, Mich. Comp. Laws § 750.83; first-degree home invasion, Mich. Comp. Laws § 750.110a(1); and possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. He pleaded no contest to those charges in the Washtenaw County, Michigan circuit court and was sentenced to lengthy prison terms. The petitioner alleges that his Sixth and Fourteenth Amendment rights were violated when the Michigan courts refused to conduct an evidentiary hearing on his ineffective assistance of counsel claims, he was denied the effective assistance of trial and appellate counsel, and none of the state courts gave the petitioner a reason for denying his post-conviction motion for relief from judgment. The respondent has filed an answer, asserting that the petitioner's claims are non-cognizable and lack merit. The Court will deny the petition because the petitioner has not shown that his federal constitutional rights were abridged.

I.

The petitioner pleaded no contest to the above charges in state court on March 7, 2005, on the first day of his trial. In exchange for the petitioner's no contest plea, the Washtenaw County Prosecutor offered to dismiss charges of aggravated stalking and carrying a concealed weapon. The prosecutor told the court that there was no agreement between the parties as to the sentence. In response to the judge's questions, the petitioner stated that he had received a Master's Degree from the University of Michigan and had worked in the criminal justice system as a probation officer. Before accepting the petitioner's plea, the trial judge advised the petitioner of the maximum penalties of the offenses and the rights to a trial that he would be waiving by entering his plea. Responding to the judge's question, the petitioner denied that any promises other than what had been stated in open court had been made to induce him to plead no contest. The petitioner also denied that he had been forced or coerced into pleading no contest. The judge used the preliminary examination transcript to make out a factual basis for the plea.

Not long afterward, the petitioner subsequently moved to withdraw his no contest plea. The petitioner's trial counsel also moved to withdraw as the petitioner's attorney, citing a breakdown in the attorney-client relationship. The state court held a hearing on both motions on March 29, 2005. The petitioner insisted that his attorney was not prepared for trial and that he coerced the petitioner into pleading no contest. The petitioner noted that his attorney was also representing him in a civil matter. The petitioner accused his attorney of overcharging him for his legal matters and stealing $13,000 from him. The petitioner also requested a competency examination.

In denying the petitioner's motion to withdraw the plea, the judge noted that he had "spent some significant time making sure" that the petitioner understood the consequences of his plea and

in advising the petitioner "that he had an absolute right" to a jury trial.  The judge believed that the record established that the petitioner was:

> a very intelligent man who is very sophisticated in terms of his knowledge of the criminal justice system; and that understanding that, he assured me under oath that he had not been threatened or coerced or forced to enter a plea by anyone.

Mot. H'rg Tr. 12-13, Mar. 29, 2005.  The judge also denied counsel's motion to withdraw as counsel. *Id.* at 15.

The petitioner was sentenced on April 5, 2005 to concurrent prison terms of 225 to 450 months for assault with intent to murder and 120 to 240 months for first-degree home invasion, and a consecutive two-year prison term for felony-firearm.

The petitioner's conviction and sentence was affirmed on appeal. *People v. Memminger*, No. 269577 (Mich. Ct. App. May 16, 2006) *lv. den.* 477 Mich. 953, 723 N.W. 2d 900 (2006).  The petitioner then filed a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et seq.*, which the trial judge denied.  *People v. Memminger*, No. 04-1607 (Washtenaw Cnty. Cir. Ct. Mar. 31, 2009).  The parties subsequently stipulated to the reissuance of the judge's opinion on the ground that it had not been sent to defense counsel.  The trial judge reissued its opinion, again denying the motion for relief from judgment.  *People v. Memminger*, No. 04-1607 (Washtenaw Cnty. Cir. Ct. May 19, 2009).  In a separate order, the judge denied the petitioner's motion for reconsideration and to disqualify the judge.  *People v. Memminger*, No. 04-1607 (Washtenaw Cnty. Cir. Ct. March 31, 2009).  The Michigan appellate courts affirmed the denial of the motion for relief from judgment.  *People v. Memminger*, No. 298024 (Mich. Ct. App. June 30, 2010), *lv. den.* 488 Mich. 1045, 794 N.W. 2d 590 (2011).

The petitioner seeks a writ of habeas corpus on the following grounds:

-3-

I.      Whether the petitioner's Sixth and Fourteenth Amendment [rights] to the
        United States Constitution were violated when all the Michigan courts
        abused its (sic) discretion in denying a *Ginther* hearing.

II.     Trial counsel was ineffective and petitioner was prejudiced and a miscarriage
        of justice occurred.

III.    The petitioner was prejudiced when appellate counsel failed to argue that
        trial counsel was ineffective and further prejudiced [the petitioner] when the
        petitioner's appellate counsel failed to request an evidentiary hearing.

IV.     The trial court nor the Michigan Supreme Court ever gave a concise reason
        for each of the denials of the petitioner's claims.

Ptn. at 14. The respondent filed an answer contending that the claims lack merit, and some of them

are not cognizable on habeas review.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the

standard of review federal courts must apply when considering an application for a writ of habeas

corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See*

*Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Because Fitchett's petition was filed after the

AEDPA's effective date, its standard of review applies. Under that statute, if a claim was

adjudicated on the merits in state court, a federal court may grant relief only if the state court's

adjudication "resulted in a decision that was contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States," or

if the adjudication "resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed

to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, --- U.S. ---, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted).  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 786-87 (2011).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Dewald v. Wriggelsworth*, 748 F.3d 295, 298-99 (6th Cir. 2014); *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594–95 (6th Cir.2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc).  Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, --- U.S.---, 131 S. Ct. 1388, 1398 (2011).

-5-

A.

In his first and fourth claims, the petitioner complains that the state courts did not properly entertain his post-conviction requests for relief. In his first claim, the petitioner alleges that his constitutional rights were violated when the Michigan courts denied his motion to conduct an evidentiary hearing on his ineffective assistance of counsel claims in the manner described by the state supreme court in *People v. Ginther*, 390 Mich. 436, 443, 212 N.W. 2d 922 (1973), and Mich. Ct. R. 7.211(C)(1). The petitioner first raised those ineffective assistance of counsel claims in his post-conviction motion for relief from judgment. In his fourth claim, the petitioner argues that the state trial and appellate courts erred by denying his post-conviction motion for relief from judgment in a summary order without giving any reason for the denial.

Federal courts do not provide relief under 28 U.S.C. § 2254 for alleged errors of that type, which arise in post-conviction proceedings. "The Sixth Circuit consistently [has] held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). The Supreme Court has held that states have no constitutional obligation to provide post-conviction remedies. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). Based on that holding, the Sixth Circuit has reasoned that "habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief." *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001); *see also Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986) ( holding that habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings).

The Supreme Court has explained that the function of the Great Writ "is to secure release from illegal custody.'" *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). But "[a] due process claim

-6-

related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F.3d at 853 (*quoting Kirby*, 794 F.2d at 247). The "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress,* 484 F.3d at 853 (*quoting Kirby*, 794 F.2d at 248). "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Ibid.* (internal quotations omitted).

The petitioner contends that the state courts should have held an evidentiary hearing on his ineffective assistance of counsel claims. Even if that were true, such an error in the manner the state court chose to address a post-conviction challenge is not grist for the federal habeas mill. *See Cornwell v. Bradshaw*, 559 F.3d 398, 411 (6th Cir. 2009). Moreover, there is no clearly established Supreme Court ruling that recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel even on direct appeal. *Hayes v. Prelesnik*, 193 F. App'x 577, 584-85 (6th Cir. 2006). The petitioner is not entitled to habeas relief on his first claim.

The state courts' failure to give any reasons for the denial of the petitioner's post-conviction motion is a complaint that falls into the same category. That alleged deficiency in the state courts' adjudication of a post-judgment matter is not a proper subject for habeas review. Moreover, the Supreme Court has held that the failure of a state court to explain its ruling more completely does not render the ruling constitutionally defective nor does it subject it to collateral attack in federal court. *Arizona v. Washington*, 434 U.S. 497, 517 (1978); *see also Sumner v. Mata*, 449 U.S. 539,

548 (1981) (holding that "a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit").   The petitioner therefore is not entitled to habeas relief on his fourth claim.

B.

In his second and third claims, the petitioner argues that he was denied the effective assistance of trial and appellate counsel, respectively.  He raised those claims for the first time on collateral review in state court.  The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.  *See* Mich. Ct. R. 6.508(D)(3).  The Sixth Circuit has held that such form orders used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation of Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits.  *Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc).  Consequently, this Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

The trial judge rejected the petitioner's claims in both of his orders without citing Rule 6.508 or any other procedural bar when he denied the motion for relief from judgment.  This Court therefore presumes that the trial court adjudicated those claims on the merits for purposes of invoking the AEDPA's deferential standard of review.  *See Harrington*, 131 S. Ct. at 784–85 (stating that, "[w]hen a federal claim has been presented to a state court and the state court has denied relief,

-8-

it may be presumed that the state court adjudicated the claim on the merits in the absence of any

indication or state law procedural principles to the contrary").

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs the

Court's analysis of ineffective-assistance-of-counsel claims. *Towns v. Smith*, 395 F.3d 251, 258 (6th

Cir. 2005). To establish a claim of ineffective assistance of counsel, a defendant must show both

deficient performance and prejudice. *Premo v. Moore*, --- U.S. ---, ---, 131 S. Ct. 733, 739 (2011)

(quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

Because of the high deference accorded state court determinations by AEDPA, establishing

that counsel was ineffective and, therefore, the petitioner was denied his right to counsel under the

Sixth Amendment is difficult. The Supreme Court recently explained:

> "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559
> U.S. 356, 371 (2010) . . . . The question is whether an attorney's representation
> amounted to incompetence under "prevailing professional norms," not whether it
> deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690.
>
> Establishing that a state court's application of *Strickland* was unreasonable under §
> 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d)
> are both "highly deferential," *id.*, at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7
> (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S.
> at 123. The *Strickland* standard is a general one, so the range of reasonable
> applications is substantial. *Ibid*. Federal habeas courts must guard against the
> danger of equating unreasonableness under *Strickland* with unreasonableness under
> § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions
> were reasonable. The question is whether there is any reasonable argument that
> counsel satisfied *Strickland's* deferential standard.

*Richter*, 131 S. Ct. at 788.

On habeas review, "[t]he question 'is not whether a federal court believes the state court's

determination' under the *Strickland* standard 'was incorrect but whether that determination was

unreasonable — a substantially higher threshold.'" *Knowles*, 556 U.S. at 123 (quoting *Schriro v.*

*Landrigan*, 550 U.S. 465, 473 (2007)).  Moreover, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Ibid*. (citing *Alvarado*,  541 U.S. at 664).

The petitioner contends that he was deprived of the effective assistance of trial counsel because his trial attorney was acting under a conflict of interest.  He says his trial attorney breached his fiduciary duty by stealing $13,000 from the petitioner, by charging the petitioner for services performed by counsel on the petitioner's related divorce case at a higher hourly rate than had been agreed upon by the petitioner and counsel, and by failing to undertake certain actions on the petitioner's behalf regarding this divorce case.

A criminal defendant is entitled to the effective assistance of counsel free from conflict. *Holloway v. Arkansas*, 435 U.S. 475, 483-84 (1978).  In *Cuyler v. Sullivan*, 446 U.S. 335, 345-50 (1980), the Supreme Court held that prejudice is presumed if counsel is burdened by an actual conflict of interest.  The presumption of prejudice applies only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance."  *Id.* at 350. The Supreme Court, to date, has only applied the *Sullivan* presumption of prejudice "in the case of a conflict of interest arising from multiple concurrent representation of defendants."  *Jalowiec v. Bradshaw*, 657 F.3d 293, 314-15 (6th Cir. 2011).  The rule that proof of prejudice is excused when the lawyer is burdened by a conflict of interest has been limited to cases where the conflict arises from multiple representation. *Mickens v. Taylor*, 535 U.S. 162, 172-74 (2002).

In this case, the petitioner does not suggest that his lawyer's conflict of interest arose from multiple representation, that is, "where a single attorney simultaneously represents two or more

codefendants in the same or separate proceeding(s), whereas successive representation occurs where defense counsel has previously represented a co-defendant or trial witness." *Jalowiec*, 657 F.3d at 315. Therefore, the petitioner must show prejudice to succeed on his Sixth Amendment claim in this case. *See Harrison v. Motley*, 478 F.3d 750, 756-57 (6th Cir. 2007) (holding that neither *Cuyler* nor *Holloway* applied to the petitioner's claim that his lawyers had a conflict of interest in representing him based on their fears of criminal prosecution and malpractice for witness tampering); *Stewart v. Wolfenbarger*, 468 F.3d 338, 351 (6th Cir. 2006) ("This Court has consistently held that, for Section 2254 cases, the *Cuyler* standard does not apply to claims of conflict of interest other than multiple concurrent representation; in such cases, including successive representation, the *Strickland* standard applies."); *Whiting v. Burt*, 395 F.3d 602, 619 (6th Cir. 2005) (finding the presumed prejudice standard inapplicable to an attorney's alleged conflict from representing the petitioner at trial and on appeal); *Moss v. United States*, 323 F.3d 445, 473 n.25 (6th Cir. 2003) ("As we have discussed, *supra*, the *Mickens* rationale compels our strong hesitation to apply *Cuyler* to conflicts of interest cases arising outside of the joint representation context.").

The petitioner contends that his trial lawyer's performance was deficient because he was unprepared for trial. No evidence has been presented here to support that allegation. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). And the record in this case suggests that the opposite is true. On the morning of trial, defense counsel objected to the admission of two crime scene photographs of the victim on the ground that they had no evidentiary value and were "only meant to inflame the passions of the jury." The judge only admitted one of

-11-

the photographs into evidence. Trial Tr. 3-5, Mar. 7, 2005.  In response to the judge's question, defense counsel stated that he was ready for the jury.  *Id.* at 5.

Nor has the petitioner shown prejudice.  He has not explained how any additional pretrial work counsel could have performed would have been beneficial to his defense.  *See Martin v. Mitchell,* 280 F.3d 594, 607-08 (6th Cir. 2002).

The petitioner's more serious allegation is that his lawyer gave him an incorrect estimate of his likely minimum sentence if he pleaded no contest.  He supports that charge by referencing a letter his lawyer sent him on January 19, 2005, in which he advised the petitioner that his sentencing guidelines would be from four to five years up to thirteen years on the minimum sentence if he pleaded guilty or no contest.  The petitioner alleges that on the day of trial, his lawyer told him that he would receive four to seven years in prison if he pleaded no contest.  The petitioner has also presented several affidavits from friends or family members who attest that counsel made the same representation to them.

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty or no contest plea.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  The first prong of the test remains the same.  *Ibid.*  However, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  *Id.* at 59.  The defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded [no contest] and would have insisted on going to trial."  *Ibid.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

In the present case, the petitioner filed an affidavit in which he stated that his attorney informed him almost three months before trial that his sentencing guidelines in the event of a guilty

plea would be between 48 and 132 months for a minimum sentence. He said he rejected the option to plead guilty at that time. The petitioner stated that on the day of trial, his attorney said that the prosecutor offered a "deal" that in exchange for a no contest plea to the assault, home invasion, and firearm offense, other counts would be dismissed and he would receive a sentence of four to seven years in prison. The problem with the petitioner's allegations is that the record contradicts them.

With the state's witnesses and a jury at the ready, the petitioner decided to forego a trial and enter a no contest plea. The prosecutor placed the plea agreement on the record, and he specifically indicated that there was no sentencing agreement between the parties. The judge asked the petitioner on the record if there were any promises that had been made to induce his plea other than those that had been placed on the record. The petitioner denied that there were other promises that had been made to induce his plea.

It is apparent that the state court gave credence to the petitioner's on-the-record denial of any agreement or representation about the sentence, rather than his after-the-fact assertions in his affidavit. That decision does not unreasonably apply federal law. The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. *Harrington*, 131 S. Ct. at 788 (declaring that "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so" (internal and end citations omitted)). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable, but whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial

-13-

counsel in the area of plea bargaining. *See Premo v. Moore*, --- U.S. ---, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

Even if defense counsel gave misinformation to the petitioner about the sentence, the trial judge cleared it up during the plea colloquy. *See Ramos v. Rogers*, 170 F. 3d 560, 565 (6th Cir. 1999). The trial judge advised the petitioner of the maximum penalties for the offenses to which he was pleading no contest. All the terms of the plea agreement were placed on the record, including the fact that there was no sentencing agreement. The petitioner denied that any other promises had been made to persuade him to plead no contest. The petitioner therefore was not entitled to withdrawal his plea based on the allegation that his attorney gave him misleading sentencing information; the petitioner was given the correct information by the judge at the time of the plea, and he expressly denied the existence of other representations or promises. *See United States v. Todaro*, 982 F.2d 1025, 1029-30 (6th Cir. 1993).

The petitioner's related claim that his counsel coerced him into pleading no contest fails for the same reason: he stated on the record at the plea hearing that no threats or coercion had been made to induce him to plead no contest. Proof that the guilty plea was voluntary and intelligently made generally is furnished through a transcript of state court proceedings. *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993)). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state-court findings of fact and to the judgment itself. *Garcia*, 991 F.2d at 326-27. A satisfactory state-court transcript containing findings after a proper colloquy places

-14-

upon the petitioner a "heavy burden" to overturn the state findings. *Id.* The petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The petitioner's bare claim that he was coerced into pleading no contest is insufficient to overcome that presumption of verity.

In his third claim, the petitioner contends that his appellate counsel was ineffective by failing to raise his ineffective assistance of trial counsel claims on his direct appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). This Court already has determined that the petitioner's ineffective assistance of trial counsel claims are without merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d at 676). Because none of the petitioner's ineffective assistance of trial counsel claims are meritorious, appellate counsel was not ineffective in his handling of the petitioner's direct appeal. The petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claim.

III.

For the reasons stated, the Court concludes that the state court did not contravene or unreasonably apply federal law as determined by the Supreme Court. Therefore, the petitioner has not established that he is presently in custody in violation of the Constitution of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON

-15-

United States District Judge

Dated:  July 11, 2014

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2014.

s/Shawntel Jackson
SHAWNTEL JACKSON